CINTRÓN, PLAINTIFF AND APPELLEE, *v.* CAMPS,
DEFENDANT AND APPELLANT.

APPEAL from the District Court of Mayagüez in an Action for Damages.

No. 2431.—Decided December 19, 1921.

DAMAGES—CONTRACT—CONDITION.—It was held in this case that the court did not err in finding that the contract of purchase and sale, the non-performance of which gave rise to the action, was not subject to the condition that the plaintiff should redeem the property, as alleged in the answer.

The facts are stated in the opinion.

*Messrs. G. Casta Fornés* and *Huyke & Quiñones* for the appellant.

*Mr. J. Alemañy Sosa* for the appellee.

MR. JUSTICE ALDREY delivered the opinion of the court.

The plaintiff in this case sues to recover the sum of $1,530.50 for damages alleged to have been suffered by him as a result of the non-performance by the defendant of a

contract of purchase and sale entered into between the parties. The judgment of the trial court was against the defendant for the sum of $1,453.50, and inasmuch as in the appeal taken therefrom by the defendant errors are assigned only in the weighing of the documentary and oral evidence concerning the conditions of the contract of purchase and sale on which the action is based, we shall review only the pleadings and the evidence relating to these points.

It is alleged in the complaint that about the month of December, 1918, the plaintiff and the defendant entered into a contract of purchase and sale whereby the former purchased from the latter and the latter sold to the former two rural properties of thirty-three acres and one acre of land, respectively, for the sum of $500, of which the plaintiff was to pay $100 upon the execution of the deed, $200 on December 30, 1919, and the remaining $200 on December 30, 1920; that the defendant agreed to redeem the properties, which had been sold for the payment of taxes, and to execute to the plaintiff the corresponding public deed in performance of the contract immediately after such redemption; that after the contract was entered into the plaintiff paid to the defendant different sums of money amounting to $33.50, which the defendant accepted on account of the purchase price of the properties; that in July of 1919 the defendant redeemed the properties and the plaintiff immediately demanded of her the execution of the deed of purchase and sale as agreed upon, and that the defendant, in violation of the agreement, not only refused to execute the said deed, but sold the properties to other persons for the purpose of depriving the plaintiff of the benefits of their possession.

The defendant's answer denied that the contract was entered into under the conditions set forth by the plaintiff, but admitted that in December of 1918 she agreed to sell the said properties to the plaintiff if he would previously comply with the following conditions: Pay the court costs,

notarial fees, attorney fees and such other expenses as were to be incurred in obtaining the court's approval of the deed of partition of the estate of Luis Ortega Sánchez, and pay also the expenses for the redemption of the said properties, and after they were redeemed the conditions of the sale should be agreed upon. The defendant denied that she agreed to redeem the properties and alleged that the agreement to sell was subject to the condition that the plaintiff should first redeem them. She admitted having received $33.50 from the plaintiff, but denied that it was accepted as a part of the first instalment, as alleged by the plaintiff, stating that he advanced that sum to cover certain necessary expenses for the redemption of the properties. She admitted that she redeemed the properties, but denied that the plaintiff immediately demanded of her the execution of the deed of sale. She denied having violated any contract whatever with the plaintiff, or that she sold the properties for the purpose of injuring him, alleging that she sold them to other persons only in order to pay them the money which they supplied to her for the redemption.

The only question at issue between the parties was and is with respect to the terms under which the contract was made, and not only does the judgment of the trial court against the defendant presuppose that the contract was entered into under the conditions alleged by the plaintiff, but the judge of that court delivered an opinion in this case which, as regards that issue, finds that the contract was entered into under the conditions alleged by the plaintiff. Nevertheless. in support of the present appeal the defendant maintains that the court below erred in weighing both the documentary and oral evidence.

In support of the first assignment of error the appellant refers to certain documents and then argues that it was not only error to consider these documents as evidence favorable to the plaintiff, but to consider them as evidence favorable

to the plaintiff after connecting them with the testimony of
the witnesses was double error.

We shall consider the first assignment of error although
we could ignore it because rule 42 of this court provides that
the appellant shall include in his brief an assignment of
errors upon which his appeal is based, and the mere state-
ment of some error without argument, as was done in this
case, does not amount to an assignment of the error alleged.

The documents to which the appellant refers, as they ap-
pear in the transcript, read as follows:

"'POWER OF ATTORNEY GIVEN BY MARÍA CAMPS TO JOSÉ CINTRÓN.

"I, María Camps, of age, widow, property owner and resident
of Añasco, hereby give ample, full and sufficient power of attorney,
to the extent required by law and necessary for its validity, to José
Cintrón, of age, married, Deputy Marshall of the District Court for
the Judicial District of Mayagüez, so that in my name and as my
agent he may redeem a property which I own in the ward of Furnis
of the municipality of Las Marías, allotted to me by the deed of in-
ventory, liquidation, assessment and partition of the estate of my
deceased husband, Luis Ortega y Sánchez, executed before notary
Gerónimo Casta Fornés on December 28, 1917, the said property
being that referred to in record No. —— schedule No. —— as
offered for sale and sold by the Internal Revenue Collector of Las
Marías for the payment of taxes. And as I have agreed to sell the
said property to my attorney in fact, I hereby acknowledge owing
him all sums that he may disburse in making such redemption, with
interest, to be deducted from the price when the said contract is
made effective.

"In witness whereof, I sign these presents at Añasco on May 6,
1919.—(Signed) María Camps, widow of Ortega.—Witnesses: J. V.
Urrutia. Alfonzo Figueroa Traverro."

"Añasco, 5-6-19.
"Mr. José Cintrón, City.
"Dear Don Pepe:

"I am sending to you the power of attorney executed by Doña
María for the redemption of the property.

"The procedure is as follows: Payment is tendered to the gran-
tee. If he refuses to accept it, two witnesses must be obtained. If

he still refuses to accept the money, you must appear with the two witnesses in the registry of property, etc.

"Please send me $5.00 by the bearer in part payment of the deed of sale and other expenses.

"The sooner this matter is terminated the more will Doña María appreciate it.

"In case the grantee accepts the money, you must endorse on the back of the certificate of sale that the property has been redeemed, and this statement must be signed by the grantee or the holder of the certificate before a notary public.

"Yours very truly,

" (Signed)      G. CASTA FORNÉS."

"Offices at Mayagüez & Añasco, P. R.

"E. Ramírez Nadal, Attorney-at-Law.

"Añasco, July 7, 1919.

"Mr. José Cintrón, Mayagüez.

"Dear Don Pepe:

"It is urgent for us to terminate tomorrow the matter of the property of María Camps. She is impatient to have this settled.

"I think the easiest way is for Díaz' to assign, renounce and transfer in favor of Doña María his rights in the purchase at the tax sale by a statement on the back of the certificate, thereby avoiding the difficulties which we may encounter in the registry in connection with the redemption. When Doña María is the owner of the property by virtue of the assignment by Díaz, she may execute a deed in your favor to the 34 acres belonging to her and for the remaining land she may execute another deed either in favor of Díaz or in your favor, if you agree to a purchase and sale.

"The assignment to Doña María must be made before a notary, and if you could bring Díaz to Añasco tomorrow everything will be settled.

"Your friend,

" (Signed)      G. CASTA FORNÉS."

Besides the documents to which the appellant refers, we find this other document in the record:

"July 8, 1919.

"Attorney G. Casta Fornés, Añasco.

"Dear friend:

"In reply to your letter of yesterday I will say that Sra. Ortega

ought to see Diez about the matter of the redemption of the property which I have purchased from her, for as that property is, for the purposes of taxation, joined to a property belonging to Martir, it now appears that the heirs of Martir are the persons entitled to the redemption of the property, for which reason I think Sra. Ortega ought to see Diez, and if she needs the money for the redemption, I will furnish it.

"If you decide to go to Las Marías, come by here and I will go with you and we will there undertake to settle everything, as Diez is a good friend of mine.

"Please advise me of your decision.

"Your friend,"

Although it is true that from the documents to which the appellant has referred it appears that the defendant gave a power of attorney to the plaintiff in May, 1909, for the redemption of the properties in question, they prove nothing but the authority conferred upon the plaintiff to redeem the properties, but they do not of themselves prove that the power was granted as a result of the condition that the plaintiff was to redeem them in order that the obligation would arise in the defendant to sell them to him, and therefore they could not prevent the judge from finding that the contract of purchase and sale did not contemplate such a condition, and it was not error to fail to consider them favorable to the defendant, which is equivalent to saying that they were erroneously weighed in favor of the plaintiff. And if that evidence is connected with the other document that we have transcribed and with the testimony of the witnesses, it will be seen also that the double error alleged was not committed, for if the plaintiff by his agreement was under the obligation to redeem the properties, it seems only natural that when he wrote on July 7, 1919, to the defendant's attorney, who intervened in the contract, that the steps taken by him for the redemption had been unsuccessful, the attorney would not have taken charge of the redemption, as testified to by

the plaintiff, on which point, although he was contradicted by the defendant, the court below adjusted the conflict against her.

As to the second error assigned by the appellant regarding the weighing of the oral evidence, she merely says that the testimony of Jaime Guiscafré, that of the plaintiff and that of the plaintiff's attorney did not deny the existence of the contract of purchase and sale between the plaintiff and the defendant, but, on the contrary, admitted it, albeit this testimony brought out the condition that the plaintiff had to redeem the properties. This testimony was given by witnesses for the defendant and not by witnesses for the plaintiff, as by mistake, no doubt, is stated in the brief, and although the witnesses maintain that the redemption of the properties by the plaintiff was a condition of the sale by the defendant, yet the plaintiff's evidence is to the contrary on this point and the conflict was adjusted by the trial court in finding that "it was the duty of the grantor to redeem the said properties, but immediately thereafter to execute the corresponding deed to grantee Cintrón," and as no allegation is made of passion, prejudice or partiality in adjusting that conflict, nor has manifest error been shown to us, the second and last error assigned must be held not to have been committed.

Considering the manner in which the controversy has been presented, we must affirm the judgment appealed from.

*Affirmed.*

Chief Justice Hernández and Justices Del Toro and Hutchison concurred.

Mr. Justice Wolf took no part in the decision of this case.